IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL DAVID DUE, ) | |
| #96294-020, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-00640-JPG |
| ) | |
| FAISAL AHMED, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Randall Due filed this action for violations of his constitutional rights by persons acting under color of federal authority pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1). At the time he commenced the action, Plaintiff was an inmate in the custody of the Federal Bureau of Prisons (BOP) and was confined at the Federal Correctional Institution in Greenville, Illinois (FCI-Greenville). (*Id*. at 1-42). In the Complaint, he claims that FCI-Greenville's Clinical Director, Dr. Ahmed, denied him necessary surgery for an inguinal hernia and denied him ongoing medical treatment for digestive issues and constipation, including a prescription for milk of magnesia. Plaintiff seeks monetary relief. (*Id*. at 7).

The Complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**Discussion**

Based on the allegations, the Court finds it convenient to designate the following claims in the *pro se* Complaint:

**Count 1:** Eighth Amendment claim against Dr. Ahmed for denying Plaintiff adequate medical care for his inguinal hernia, chronic digestive issues, and constipation at FCI-Greenville beginning in 2021.

**Count 2:** "Tort" claim against Dr. Ahmed for breaching a duty of care under 18 U.S.C. § 4042 and fiduciary duties and obligations as a "trustee" of the public trust.

(Doc. 1, p. 6). **Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

**Count 1**

Count 1 is a claim for deliberate indifference to Plaintiff's serious medical needs against Dr. Ahmed. Plaintiff seeks to bring the claim pursuant to *Bivens*, which provides an implied damages remedy for certain constitutional deprivations caused by persons acting under color of federal authority. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The United States Supreme Court has recognized only three instances when this remedy is available against federal officials: (1) a Fourth Amendment claim involving unlawful searches and seizures in *Bivens*, 403 U.S. 388 (1971); (2) a Fifth Amendment due process claim involving gender discrimination in *Davis v. Passman*, 442 U.S. 228 (1979); and (3) an Eighth Amendment claim for inadequate medical treatment in *Carlson v. Green*, 446 U.S. 14 (1980). *See Ziglar v. Abbasi*, 137 U.S. 1843, 1854-55 (2017).

Recent cases have declined to extend this implied damages remedy into any next contexts, emphasizing that further expansion of *Bivens* is a "disfavored judicial activity." *Id*. (declining to

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

extend *Bivens* to Fifth Amendment due process/conditions of confinement/abuse and equal protection claims; and to Fourth/Fifth Amendment strip search claims); *Egbert v. Boule*, -- U.S. --, 142 S. Ct. 1793 (2022) (no *Bivens* remedy for First Amendment retaliation claim or Fourth Amendment excessive force claim). The Supreme Court has explained that federal courts should refrain from expanding this remedy, unless certain "special factors" counsel otherwise. *Ziglar*, 137 U.S. at 1859-60. Count 1 stems from the denial of medical care akin to the claim already allowed in *Carlson*, so Plaintiff may pursue this constitutional claim against Dr. Ahmed, the individual federal officer who denied him medical care for his inguinal hernia, chronic digestive issues, and constipation.

**Count 2**

Plaintiff's claim in Count 2 does not survive screening against Dr. Ahmed or anyone else. He brings an unspecified "tort" claim under 18 U.S.C. § 4042 for breach of the duty of care and for breach of fiduciary duties at trustees of the public trust. It is unclear whether Plaintiff intends to pursue relief under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, or possibly under Illinois state law.

An FTCA claim can only proceed against the United States. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982); 28 U.S.C. § 2679(b). Plaintiff does not name the United States as a defendant. He names Dr. Ahmed. Construed as an FTCA claim, Count 2 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

The Court can exercise supplemental jurisdiction over an Illinois state law claim that arises from the same operative facts as Count 1. *See* 28 U.S.C. § 1367. However, it must still survive threshold review under Section 1915A. The problem here is that Plaintiff does not describe any

3

facts giving rise to this claim, state what type of "tort" claim it is, indicate who it is against, or set forth any reason for bringing said claim under Illinois law.  The Illinois "tort" claim in Count 2 shall therefore be dismissed without prejudice against Dr. Ahmed.

### Pending Motion

Plaintiff's Motion to Take Judicial Notice is **DENIED**.  (Doc. 9).  There, he appears to set forth arguments related to the "sovereign citizen" movement.  Plaintiff also includes a contract offer and notice of acceptance, which he says is binding upon him and the Court.  The Court disagrees.  Plaintiff's arguments and contract proposals are frivolous and presented for an improper purpose, in violation of Federal Rule of Civil Procedure 11(b)(1).  He filed the same motion in numerous cases.  (*See* Doc. 9, p. 5).  He has already been warned against doing so.  Plaintiff is **ORDERED** to **REFRAIN** for further frivolous and harassing filings, and he is, for the last time, **WARNED** that additional motions of this nature shall result in monetary sanctions.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under Section 1915A. **COUNT 1** will proceed against Defendant **FAISAL AHMED**, in his individual capacity only, and **COUNT 2** is **DISMISSED** without prejudice against Defendant **AHMED** for failure to state any claim for relief against this defendant.  All official capacity claims against this defendant are likewise **DISMISSED** without prejudice on the same ground.

**The Clerk of Court is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Further, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendant **FAISAL AHMED**; the Clerk shall issue the completed summons.  The United States Marshal **SHALL** serve Defendants **FAISAL**

**AHMED** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.  Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendant, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to defendant or counsel.  Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendant should only respond to the issues stated in this Merits Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 7/12/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.