IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL DAVID DUE, #96294-020, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 22-cv-00640-JPG ) |
| FAISAL AHMED, | ) ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter comes before the Court on Defendant Faisal Ahmed's Motion for Summary Judgment filed April 3, 2024. (Doc. 34). Defendant maintains that Plaintiff Randall Due failed to exhaust his available administrative remedies before bringing suit in federal court pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This Court agrees. For the reasons set forth below, the motion shall be **GRANTED**.[1]

**Background**

Plaintiff Randall Due brings this action against Dr. Faisal Ahmed, the Clinical Director at the Federal Correctional Institution in Greenville, Illinois (FCI-Greenville), who allegedly denied him surgery for an inguinal hernia and treatment for digestive issues and constipation. (Doc. 1, pp. 1-42). The Court recognized two claims at screening:

---

[1] Defendant alternatively seeks dismissal of the claim as being an unauthorized expansion of the *Bivens* remedy in the wake of *Egbert v. Boule*, 596 U.S. 482 (2022). As explained in the Screening Order (Doc. 15), the Eighth Amendment medical claim at issue is not meaningfully different from the claim addressed in *Carlson v. Green*, 446 U.S. 14 (1980). Because Count 1 is not an unauthorized expansion of *Bivens*, the Court denies the request for dismissal on this ground without further discussion.

1

**Count 1:**    Eighth Amendment *Bivens*-type claim against Defendant for denying Plaintiff adequate medical care for his inguinal hernia, chronic digestive issues, and constipation at FCI-Greenville beginning in 2021.

**Count 2:**    "Tort" claim under the Federal Tort Claims Act or Illinois state law against Defendant for breaching a duty of care under 18 U.S.C. § 4042 and fiduciary duties and obligations as a "trustee" of the public trust.

(Doc. 15). Count 1 survived review under 28 U.S.C. § 1915A, and Count 2 was dismissed.

### Defendant's Motion for Summary Judgment

Defendant moved for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. (Doc. 34). Defendant produced Plaintiff's inmate records, which include two grievance documents. *Id*. (citing Ex. A, ¶ 5). The first is a request for an administrative remedy (Remedy ID 977736-F1) (BP-9) that Plaintiff filed with the warden on or around May 16, 2019. *Id*. (citing Ex. A, ¶ 6, Att. 3, p. 19). The second is a denial from the warden dated May 20, 2019. *Id*. Plaintiff did not appeal this denial to the regional level. *Id*. (citing Ex. A, ¶ 7, Att. 3). According to Defendant, Plaintiff faced no impediment to doing so. Because Plaintiff did not comply with the exhaustion requirements under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), Defendant seeks dismissal of Count 1.

### Plaintiff's Responses

Plaintiff submitted two separate Responses to the pending motion on June 2, 2023 (Doc. 37) and July 20, 2023 (Doc. 39). He filed both after the response deadline expired on May 3, 2023, *see* Doc. 35, and only after the Court ordered him to show cause why his inaction should not be construed as an admission of facts presented and an admission of the merits of the motion. *Id*. (citing SDIL-LR 7.1(c)).[2] In lieu of a show cause response, Plaintiff was allowed to file his response to the pending motion for summary judgment on or before June 2, 2023. *Id*.

---

[2] Local Rule 7.1(c) permits the Court to construe a plaintiff's failure to respond to a defendant's summary judgment motion as an admission of the merits of the motion. *See* SDIL-LR 7.1(c).

1.     **First Response**

Plaintiff's first response was filed June 2, 2023.  (Doc. 37).  It is entitled: "Show Cause Objection to Defendant's Summary Judgment."  *Id*.  It includes four subsections: "Take Judicial Notice" (*id*. at 1); "Plaintiff's Genuine Issues of Material Facts" (*id*. at 2); "Show Cause" (*id*. at 3); and "Disclaimer: Notice to Respond/Show Cause" (*id*. at 4).  The first response is timely.

In it, Plaintiff maintains that he exhausted his available remedies for Count 1 by filing Tort Claim #TRT-NCR-2021-04384 (Tort Claim).  (Doc. 37 at ¶ 1).  This lawsuit is the *second* suit he filed against Defendant to address the same claims.  (*Id*. at ¶ 2).  The first one was dismissed without prejudice on exhaustion grounds.  *Id*.  In the dismissal order, the Court provided instructions for properly exhausting the claim and invited Plaintiff to file a new suit after completing the remaining step(s).  *Id.*  Plaintiff explains that he simply followed these instructions by filing the Tort Claim with the North Central Regional Office of the Bureau of Prisons.  *Id*.  Plaintiff provides a copy of the Regional Counsel's denial of the claim dated September 30, 2021.  (*Id*. at ¶ 3) (Doc. 39, Ex. G).

2.     **Second Response**

Plaintiff's second response was filed on July 20, 2023.  (Doc. 39).  It is entitled: "Request for Summary Judgment Against Defendant."  *Id.*  It consists of three sections: "Reply to Defendant's Response" (*id*. at 1); "Show Cause" (*id*. at 2); and "Disclaimer/Notice of Response/Show Cause" (*id*. at 3).  This response is late but duplicates much of the first response.

In addition, Plaintiff seeks summary judgment against Defendant on Count 1 because Defendant failed to respond to Requests for Admissions served on him via certified mail in December 2022.  (Doc. 37, ¶ 4). According to Plaintiff, Defendant's failure to respond conclusively establishes deliberate indifference to Plaintiff's serious medical needs.  *Id*. at ¶¶ 5-6.

Therefore, Plaintiff asks the Court to deny Defendant's motion for summary judgment on exhaustion and grant his request for summary judgment on the merits of the Eighth Amendment claim instead. *Id*. at ¶ 7.

### Defendant's Reply

In a Reply, Defendant pointed out that Plaintiff's Tort Claim did not exhaust his administrative remedies for the *Bivens* claim in Count 1. (Doc. 40). Further, Defendant was not required to respond to Plaintiff's Requests for Admissions because discovery on the merits is stayed until the issue of exhaustion is resolved. *Id*.

### Applicable Legal Standards

**1.     Summary Judgment**

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c). Any doubt about a genuine issue must be resolved in favor of the nonmoving party, *i.e.*, the prisoner. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004).

When deciding a motion for summary judgment on the issue of exhaustion, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *Pavey v. Conley*, 544 F.3d 739, 739-42 (7th Cir. 2008). After hearing evidence, finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust. *See Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (citing *Pavey*, 544 F.3d at 742). However, no hearing is required if no

material facts are disputed. *See Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009) (no hearing required where there are "no disputed facts regarding exhaustion, only a legal questions").

**2.     Exhaustion of Administrative Remedies**

Under the Prison Litigation Reform Act (PLRA), a prisoner may not file a *Bivens* suit "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). This affords prison officials an opportunity to address complaints internally and take corrective action before the court gets involved. *Id.* To satisfy the PLRA's exhaustion requirement, a prisoner's grievance and appeal must be filed "in the place, and at the time, the prison's administrative rules require . . . [and] . . . contain the sort of information that the administrative system requires." *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002) (internal citation and quotations omitted); *see Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).

For constitutional claims like the one at issue here, an inmate must use the BOP's Administrative Remedy Program described in 28 C.F.R. § 542.10 *et seq.*, along with any institution-specific supplemental procedures. This procedure involves four steps. First, the inmate must attempt informal resolution of his complaint with prison staff by submitting an informal resolution form detailing any efforts to resolve the problem. 28 C.F.R. § 542.13. Second, if informal attempts do not resolve the grievance, the inmate must submit a formal Administrative Remedy Request (BP-9) within twenty calendar days of the event or injury giving rise to the complaint. 28 C.F.R. § 542.14. Third, if the inmate is not satisfied with the warden's response to the Administrative Remedy Request, the inmate may file an appeal of the decision to the appropriate Regional Director (BP-10) within twenty calendar days of the date the warden signed his response. 28 C.F.R. § 542.15. The fourth step is an appeal to the BOP General Counsel (BP-11) submitted within 30 calendar days of the Regional Director's response. 28 C.F.R. § 542.15.

The inmate's remedies are deemed exhausted once he receives a response from the BOP General Counsel or the General Counsel's response time expires. The Court will refer to this exhaustion process as "Part 542 exhaustion."

## Analysis

Based on the undisputed evidence in the record, Plaintiff did not complete Part 542 exhaustion for Remedy ID 977736-F1 before filing this suit to address his Eighth Amendment claim in Count 1. To exhaust this claim, he was required to seek informal resolution and then file a BP-9, BP-10, and BP-11, or the equivalent. Plaintiff stopped short. He offered only one reason for doing so. According to him, Plaintiff perfected exhaustion by filing Tort Claim #TRT-NCR-2021-04384 (Doc. 37 at ¶ 1). Plaintiff's tort claim in Count 2 never survived screening, however, so his efforts to exhaust that claim have no bearing on Count 1.

Plaintiff made the same mistake in *Due v. Ahamed*, Case No. 19-cv-1161-JPG (S.D. Ill.) (prior case) (Doc. 36). In his prior case, Plaintiff pursued an identical constitutional claim against the same defendant. Before bringing suit, he failed to complete Part 542 exhaustion for Remedy ID 977736-F1. This Court dismissed Plaintiff's Eighth Amendment claim without prejudice. *Id*.

In doing so, the Court recognized that Plaintiff might have intended to pursue an FTCA claim, instead of a federal constitutional claim. (*see* Doc. 36, pp. 8-9, prior case). However, FTCA claims proceed against the United States, and exhaustion of FTCA claims is governed by "Part 543 exhaustion" not "Part 542 exhaustion." *Id*. Because Plaintiff still had time to complete Part 543 exhaustion and file a suit against the United States under the FTCA, the Court dismissed the prior case without prejudice. *Id*. (noting "the FTCA allows a claimant two years to file an administrative claim, 28 U.S.C. § 2401(b), so Due may still be able to file a timely FTCA action after exhausting his administrative remedies under Part 543, if he has not already done so).

This suit followed.  However, Plaintiff still focuses on his federal constitutional claim in Count 1 against the same individual defendant.[3]  He has failed to exhaust his administrative remedies for this claim under Part 542.  Accordingly, Defendant is entitled to summary judgment.  And, because merits discovery was stayed while the issue of exhaustion was resolved, Plaintiff's request for summary judgment on the merits is denied.

## Disposition

For the reasons set forth above, Defendant Faisal Ahmed's Motion for Summary Judgment (Doc. 34) is **GRANTED**, and **COUNT 1** is **DISMISSED without prejudice**.  Plaintiff's request for summary judgment on the merits (Doc. 39) is **DENIED.**  Because no other claims remain, the Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: 2/5/2024**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

---

[3] Plaintiff's "tort claim" in Count 2 did not name the United States as a defendant and did not survive screening.